# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-50576
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
February 2, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Julio Cesar Guzman-Avila,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:21-CR-1564-1

---

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

Julio Cesar Guzman-Avila appeals his conviction and sentence for illegal re-entry into the United States under 8 U.S.C. § 1326. For the first time on appeal, he argues that the recidivism enhancement in § 1326(b) is unconstitutional because it permits a sentence above the otherwise-applicable statutory maximum established by § 1326(a), based on facts that

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50576

are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. While Guzman-Avila acknowledges this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), he nevertheless seeks to preserve it for possible Supreme Court review. In addition, Guzman-Avila has filed an unopposed motion for summary disposition.

This court has held that subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). Thus, Guzman-Avila is correct that his argument is foreclosed, and summary disposition is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Guzman-Avila's motion is GRANTED, and the district court's judgment is AFFIRMED.